**J. Maurice BRASSARD, Plaintiff, Appellant,**

v.

**BOSTON & MAINE RAILROAD, Defendant, Appellee.**

No. 5164.

United States Court of Appeals First Circuit.

Jan. 16, 1957.

Jack B. Middleton, Manchester, N. H., Walter H. Gentsch, East Jaffrey, N. H., Stanley M. Brown, and McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., on the brief, for appellant.

William L. Phinney, Manchester, N. H., Sheehan, Phinney, Bass, Green & Bergevin, Manchester, N. H., on the brief, for appellee.

Before WOODBURY and HARTIGAN, Circuit Judges, and WYZANSKI, District Judge.

WYZANSKI, District Judge.

This case is here on plaintiff's appeal from the District Judge's order dismiss-

ing plaintiff's amended complaint. Although the order is not accompanied by an opinion, the record makes it clear that the District Judge's dismissal was based on the theory that the complaint asserted a single cause of action under the Federal Employers' Liability Act which accrued in 1951 and was not brought within the period required by U.S.C. Title 45 § 56 which provides "no action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

█ Plaintiff filed his original complaint on February 21, 1956. On April 24, 1956 he filed a motion to amend the complaint; and this was allowed on July 17, 1956. Thus the amended complaint may reach any cause of action which accrued after April 24, 1953 (and indeed may reach any cause of action which accrued after February 21, 1953 if it was asserted in the original complaint). The new pleading is in seven paragraphs. In the first paragraph it is alleged that the defendant is a railroad corporation engaged in interstate commerce and that the action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51, et seq., and involves more than $3,000. The second paragraph states that the plaintiff for a long time prior to and in October 1953 was an employee of the defendant. The third paragraph describes the plaintiff's duties in unloading railroad ties. The fourth paragraph makes the following assertions with respect to the defendant's negligence:

"4. The defendant negligently put plaintiff to work unloading heavy ties without adequate tools or sufficient and competent fellow workmen, and without issuing reasonably sufficient instructions relating to the conduct of such work or supervising its agents and employees to see to it that such instructions as were given were complied with by plaintiff's foreman and fellow workers."

The fifth paragraph refers to defendant's alleged negligence toward plaintiff on September 21, 1951 which caused him injury then. It also refers to "a similar injury" on January 12, 1953; but it is not clear whether it is claimed that this injury was caused by a separate breach of duty by defendant.

Paragraphs 5a and 5b read as follows:

"5(a). During 1953 plaintiff in his employment by the defendant was repeatedly called upon to lift heavy objects, under the conditions set forth in paragraph 4, in spite of the injuries previously related which had weakened his back, and his said back was repeatedly strained and injured and further weakened until in October of 1953, as a result of being assigned the job of helping to unload three carloads of ties at Peterborough and Jaffrey under said conditions, his back was so far injured as to require surgery to render recovery possible through disintegration or rupture of one or more intervertebral discs in his spine, for which injuries and resulting disability he was operated upon surgically on January 16, 1954 in an effort to cure the disability caused by the said injuries."

"5(b). The disability and damage suffered by plaintiff as above related and for which he seeks to recover in this action resulted from the trauma applied to his back and spine during 1953, and particularly in October of 1953, while his back was in a weakened condition caused by the prior injuries related, causing, in October of 1953, a cause of action for an impairment of plaintiff's ability to continue his gainful employment to accrue to plaintiff."

The sixth and seventh paragraphs recite the alleged damages in more detail.

█ While the amended complaint is not a model of clarity or brevity, we are of the opinion that it does allege, in addition to other matters, that in October 1953 (that is, within the three year statutory period) defendant put plaintiff to work lifting heavy objects without giv-

ing plaintiff adequate tools or sufficient and competent fellow workmen to assist him, and without issuing to him reasonably sufficient instructions relating to the conduct of his work.

Under this construction of the amended complaint, the October 1953 events are separate from the events of September 21, 1951 and January 12, 1953. To use the words of Judge L. Hand in Pieczonka v. Pullman Co., 2 Cir., 89 F.2d 353, 357, defendant's alleged wrong is not "single and continuous" but "plural and discrete".

The familiar rule is that if defendant commits a single breach of duty, plaintiff's cause of action in tort ordinarily accrues at the time his interest is invaded. Restatement, Torts, § 899 comment c. If, however, defendant commits successive breaches of duty toward plaintiff, and these cause separate invasions of plaintiff's interest, each new invasion is a new tort. Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37, 49; Momand v. Universal Film Exchange, D.C.D.Mass., 43 F.Supp. 996, 1006–1007; City of Richmond v. James, 170 Va. 553, 197 S.E. 416, 116 A.L.R. 967; Dick v. Northern Pacific R. Co., 86 Wash. 211, 150 P. 8. Cf. Lawlor v. Loewe, 235 U.S. 522, 536, 35 S.Ct. 170, 59 L.Ed. 341. It is the second branch of this rule that applies to the amended complaint at bar as we construe it. Hence it follows that if plaintiff can prove his allegation that defendant committed a new breach in October 1953, and that this breach caused a new invasion of plaintiff's interest, he has a valid cause of action which arose within three years.

To avoid confusion at the trial, we specifically disclaim the two principal contentions made by plaintiff.

We do not regard this case as falling within the exceptional doctrine of Urie v. Thompson, 337 U.S. 163, 168–171, 69 S.Ct. 1018, 93 L.Ed. 1282 upon which plaintiff pitched his argument. It was there held that where defendant's negligence caused plaintiff to contract silicosis, plaintiff's cause of action did not accrue when his interest was invaded but only when the accumulated effects of inhalation of silica manifested themselves. The principle of the Urie case is confined to situations where at the time his interest is invaded plaintiff has no notice that he has been injured in any way. But that is not this case. According to the amended complaint before us, defendant's alleged breaches of duty caused plaintiff to suffer noticeable back pain in September 1951, in January 1953, and in October 1953. Thus plaintiff admits that on each occasion the invasion of his interest was manifest as soon as it occurred. On each breach of duty followed by an invasion of plaintiff's interest, plaintiff had a completely ripe cause of action. The mere fact that the extent of the damage was not immediately manifest did not postpone the accrual of the cause of action. Deer v. New York Central R. Co., 7 Cir., 202 F.2d 625. Cf. Pillsbury v. United Eng. Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225. Hence invasions of plaintiff's interests which occurred in September 1951 and January 1953, each date being more than three years before plaintiff filed his original complaint, are outside the statutory period.

Nor have we found it necessary to decide whether defendant is, as plaintiff asserts, "estopped to plead the statutory period of limitations". In cases arising under the Federal Employers' Liability Act plaintiff has the duty of alleging that he has brought his action in due time. Carpenter v. Erie R. Co., 3 Cir., 132 F.2d 362; American R. Co. of Porto Rico v. Coronas, 1 Cir., 230 F. 545, L.R.A.1916E, 1095. And this implies that he also has the duty of alleging any excuse he has for delaying beyond the statutory period. Cf. Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253, 259, 15 A.L.R.2d 491. If plaintiff in this case has an excuse which the law recognizes (a point on which we express no opinion), nothing in the complaint or amended complaint raises this issue. And on appeal from an order dismissing the amended complaint for fail-

ure to state a cause of action, it would be improper to consider matter dehors the pleading.

A judgment will be entered vacating the order of the District Court and remanding the case for further proceedings not inconsistent with this opinion.