Margaret HETMAN, Admx. ad Pros. and General Administratrix of Stephen Hetman, deceased, Plaintiff,

v.

FRUIT GROWERS EXPRESS COMPANY, Defendant.

Civ. A. No. 324-61.

United States District Court
D. New Jersey.

Dec. 13, 1961.

Samuel M. Cole, Jersey City, N. J., by Theodore H. Friedman, New York City, for plaintiff.

Stryker, Tams & Dill, by William L. Dill, Jr., Newark, N. J., for defendant.

WORTENDYKE, District Judge.

In this action the defendant, before filing answer, has attacked, by motion, each of the four counts constituting the complaint, as presently amended.

Plaintiff sues in the respective capacities of administratrix ad prosequendum and general administratrix for damages sustained by her intestate and for pecuniary loss suffered by his widow and next of kin allegedly resulting from negligence imputable to the defendant,

intestate's employer. The occurrence in which decedent suffered injury took place on April 22, 1958, during the course of his employment. He died on February 22, 1960. The original complaint in this action was marked filed by the Clerk of this Court on April 24, 1961.

■■ The first count of the amended complaint is ostensibly based upon the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. In this count, the general administratrix seeks damages for "the conscious pain and suffering, expenses, loss of earnings and other damages sustained by the decedent" from the date upon which the injuries were inflicted (April 22, 1958) until the date of intestate's death (February 22, 1960). Section 6 of the Act upon which the first count depends, 45 U.S.C.A. § 56, provides: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." The cause of action stated in the first count accrued on April 22, 1958, when the decedent was injured. Reading Company v. Koons, 1926, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835; see also Brassard v. Boston & Maine Railroad Co., 1 Cir., 1957, 240 F.2d 138; Rodzik v. New York Central Railroad Co., D.C.Mich.1959, 169 F.Supp. 803. The time prescribed for bringing the action under the Act is a condition precedent to the right of action. Dixon v. Martin, 5 Cir., 1958, 260 F.2d 809; Carpenter v. Erie Railroad Co., 3 Cir., 1942, 132 F.2d 362. A civil action is commenced by filing a complaint with this Court. F.R.Civ.P. 3, 28 U.S.C.A. The original complaint in this action was marked filed by the Clerk of this Court on April 24, 1961, which was more than three years after the cause of action alleged in the first count of the amended complaint accrued.[1] Plaintiff general

---

[1]. Because of the obscurity of the original complaint in this action, the defendant previously moved and secured an order directing the plaintiff to furnish a more definite statement of the claim or claims set forth in the complaint. Plaintiff attempted to comply with that order by filing what is entitled an "amended com-plaint and more definite statement." It is to the latter pleading that the present motions are addressed.

(An additional document entitled "Further More Definite Statement" was appended to affidavits in opposition to the present motion.)

administratrix, however, presents evidence, in the form of affidavit, that the complaint was mailed to the Clerk at 5:00 p. m. on Friday, April 21, 1961, in Jersey City, New Jersey, with postage thereon prepaid, addressed to the Newark branch office of the Clerk, located in the United States Post Office building in that City. It is represented in the affidavit that the secretary of plaintiff's attorney was informed by a representative of the United States Post Office Department, at the Post Office in Jersey City, that, in the due course of mail, the envelope enclosing the complaint would be picked up from the mail box in which she had deposited it, at 6:15 p. m. on the date of mailing, would be received at the main Jersey City Post Office at 6:55 p. m. on the same day, and would have arrived at the United States Post Office Building in the City of Newark before midnight of the same night. The same affiant states that she was informed by a representative of the United States Post Office Department at the Newark City Post Office, that mail addressed to the Clerk of this Court, received at the Post Office when the Newark office of the Clerk is closed, is deposited by the postal authorities in Post Office Box 419, which is assigned to the Clerk for the reception of mail addressed to him. The Newark branch office of the Clerk of this Court was not open for business on Saturday April 22, 1961, but the main office of the Court Clerk, located in the City of Trenton, New Jersey, is open until 1:00 p. m. every Saturday that is not a legal holiday. Both offices are closed on Sundays. The fact, time and place of mailing of the original complaint in this case is adequately proved by the affidavit of the employee of plaintiff's attorney. The other information therein contained, however, is hearsay. Rule 77(a) of the Federal Rules of Civil Procedure provides: "The district court shall be deemed always open for the purpose of filing any pleading"; and subdivision (c) of that Rule directs that the "office with the clerk or a deputy in attendance shall be open during business hours on all days except Sundays and legal holidays." It is provided by F.R.Civ.P. 6(a) that in computing any period of time prescribed by the Rules, by order of Court, or by any applicable statute, the day of the event after which the designated period of time begins to run is not to be included, but the last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday or a holiday. A half-holiday is considered as other days, not as a holiday. The rule further provides that upon motion made after the expiration of the specified period a Court, for cause shown, may in its discretion "permit the act to be done where the failure to act was the result of excusable neglect."

In this case the cause of action if any, which accrued to decedent for the recovery of damages on April 22, 1958 expired on April 22, 1961. Assuming that the complaint was placed in the Clerk's post office box at the Newark, New Jersey, Post Office, in which building the Clerk's office is located, on the latter date, was this action commenced within three years after the cause of action accrued? F.R.Civ.P. 5(e) defines "filing of pleadings * * * with the court * * * by filing them with the clerk of the court." I take judicial notice that Jersey City and Newark which are both situate in this District, are less than ten miles apart, and that a letter mailed in one of these cities should reach the Post Office in the other, in due course of mail, within 24 hours. Had the branch office of the Clerk in Newark been open for business on Saturday, April 22, 1961, which was not a legal holiday, the document would have been filed and the suit commenced within time. In maintaining the branch office at Newark, the Clerk of this Court held out to litigants the availability thereof for the filing of pleadings. This Court takes judicial notice of the further fact that complaints in actions instituted in this Court by litigants residing in the northern half of the District of New Jersey are permitted and expected to be filed in the Newark branch

office. Upon the evidence presented to me on this motion, as supplemented by my judicial notice, I find that the plaintiff in this action did all that was necessary, short of personal delivery to the main office of the Clerk of this Court at Trenton, to effect a timely institution of her action against the defendant. The strong presumption that the complaint which was mailed was received by the addressee of the envelope in the ordinary course of the mails has not been refuted. Crude Oil Corp. of America v. Commissioner, 10 Cir., 1947, 161 F.2d 809, 810, and cases cited. I find that the original complaint in this action was in the Post Office box assigned to the Clerk of this Court in the United States Post Office in the City of Newark on Saturday, April 22, 1961, and that therefore the action was commenced within the time required by the provisions of 45 U.S.C.A. § 56. See Johansson v. Towson, D.C.Ga.1959, 177 F.Supp. 729; Johnson v. Esso Standard Oil Co., D.C.Pa.1960, 181 F.Supp. 431. Pursuant to the authority accorded to me by F.R.Civ.P. 5(b), I direct that the Clerk modify his record in this case to indicate the filing of the complaint therein on April 22, 1961. Cf. Williams v. Blitz, 4 Cir., 1955, 226 F.2d 463. The motion to dismiss the first count of the amended complaint is denied.

To the second count of the amended complaint, defendant addresses motions (1) for judgment on the pleadings pursuant to F.R.Civ.P. rule 12(c); (2) to dismiss for failure to state a cause of action upon which relief may be granted pursuant to subdivision (b) of the same Rule; and (3) to strike the prayer for damages for loss of decedent's companionship under subdivision (f) of that Rule.

■ Judgment on the pleadings may not be entered because no answer has been filed.

■ In support of its motion to dismiss for failure to state a cause of action upon which relief may be granted, in the second count, reliance is placed by defendant upon Gaulden v. Southern Pacific Company, D.C.Cal.1948, 78 F.

Supp. 651, affd. per cur. 9 Cir., 1949, 174 F.2d 1022. More specifically, the defendant contends that the allegations of the second count fail to disclose that defendant was, at the time of the occurrence complained of, a common carrier by rail in interstate commerce, and that the plaintiff's intestate was engaged in interstate commerce, or in the furtherance thereof, at that time. The allegations of the second count of the amended complaint which purport to state the relationship and activities of plaintiff's intestate and of the defendant at the time of the occurrence giving rise to the cause of action alleged in the first count are to be found in the following quoted portions thereof:

"The defendant Fruit Growers Express Company was engaged in railroad transportation, which included the use and operation of refrigerator cars, served by motor trucks. * * * The defendant * * * owned, utilized, managed, controlled and operated certain refrigerator cars in the furtherance of its business, serviced by motor trucks. * * * On or about the 23rd day of December, 1957, the defendant * * * and a certain corporation known as Rubel Corporation, entered into a contract or agreement for the performance of certain work, labor and services in connection with the use of refrigerator cars in conjunction with or on behalf of various railroads, including a certain corporation known as the Pennsylvania Railroad Company. * * * The Pennsylvania Railroad Company accepted the benefits of the aforesaid contract and did use said refrigerator cars within the terms of the aforesaid contract between the corporation known as Rubel Corporation and the defendant herein, Fruit Growers Express Company, including supply trucks. * * * The use of refrigerator cars, as contemplated within the terms of the aforesaid agreement, required the use of certain trucks and icing machines. * * * The decedent here-

in, Stephen Hetman, was engaged in the furtherance of the use of refrigerator cars, as aforesaid, which were used in interstate commerce, in preparing the ice for said refrigerator cars, in conjunction with other duties within the category of interstate commerce. * * * On or about the 22nd day of April, 1958, the decedent, Stephen Hetman, was engaged by and on behalf of the defendant in the furtherance of the business of common carrier * * * (and) while the plaintiff's decedent was carefully, properly and prudently engaged in the performance of his duties in connection with the business of the defendant, he was suddenly and without any notice or warning caused to suffer * * * injuries * * * by reason of the carelessness, recklessness and negligence of the defendant, its agents, servants and employees, in failing, neglecting and omitting to provide the plaintiff's decedent with sufficient, adequate, safe and proper machinery, gear, · equipment, appurtenances and appliances, including a certain railroad car, commonly called a refrigerator car and its appurtenances, including an ice or ice crushing machine; and the defendant was further at fault in that it failed, neglected and omitted to keep and maintain said car and its appurtenances, including an ice or ice crushing machine in a reasonably safe state of repair and safe and workable condition, and the defendant was further at fault in that it failed, neglected and omitted to warn the plaintiff's decedent of the patent and latent defects and the dangers to be anticipated or encountered in his work, and the defendant was otherwise careless, reckless and negligent in the premises, all of which resulted in the plaintiff's decedent having his arm crushed, mangled and amputated by a certain portion of the machinery which he was using, commonly known as an ice crusher, * * *."

Thus we discern in the substance of the foregoing allegations a charge that plaintiff's intestate suffered personal injury while using an ice crushing machine in the process of icing a refrigerator car which was an instrumentality used in interstate commerce, and which was owned and furnished by the defendant, pursuant to its contract with Rubel Corporation and/or Pennsylvania Railroad Company.

The defendant recognizes that for the purposes of its present motion it must assume the truth of all well-pleaded allegations to which the motion is addressed. In Gaulden v. Southern Pacific Company, supra, relied upon by defendant on this motion, judgment was entered dismissing the complaint upon the ground that the defendant, Pacific Fruit Express Company, was not a common carrier by railroad, and therefore, not within the range of the Federal Employers' Liability Act. Joined as a codefendant in that action was Southern Pacific Company, concededly an interstate railroad carrier. Gaulden is distinguishable because, as stated in the District Court's opinion, the parties there stipulated that upon the pleadings and stipulation of facts submitted at the pretrial conference, the Court should determine whether the plaintiff, at the time of the accident and injury complained of, was an employee of a common carrier by railroad within the meaning of the Federal Employers' Liability Act. The presently confronting motion limits us to the allegations of the amended complaint, which the pleader attempts to amplify by a "Further More Definite Statement" which he annexes to his affidavit in opposition to the motion. In that amplification the plaintiff alleges that on the day of the offending occurrence the defendant was a common carrier by railroad, engaged in commerce between the several states, acting as a carrier in that commerce and that the defendant owned, operated and controlled the cars upon which the decedent was working at the time he was injured, and that said cars, at that time and place, were employed in interstate commerce.

The allegations of the second count of the amended complaint, whether they be considered alone or in conjunction with the "Further More Definite Statement" with which the pleader seeks to bolster them, are obscure, indefinite, non-specific, and indeed may be evasive respecting the status of the plaintiff's intestate on the one hand, and that of the defendant on the other, with regard to interstate commerce and operation therein. I must necessarily, therefore, strike the second count of the amended complaint; but I reserve to the plaintiff leave to amend that count so as to allege the essential elements of a cause of action under the Federal Employers' Liability Act if they exist. This leave must be exercised within twenty days next succeeding the filling of the order to be entered hereon. In this connection counsel for the plaintiff is reminded of the provisions of F.R.Civ. P. 8, and also of Rule 11 of the same Rules, which provides that the signature of an attorney to a pleading "constitutes a certificate by him that he has read the pleading; (and) that to the best of his knowledge, information and belief there is good ground to support it; * * *." The Rule provides also that for wilful violation thereof an attorney may be subject to appropriate disciplinary action.

The parties agree that the motion addressed to the third count should prevail.

Finally, the defendant seeks a dismissal of the fourth count of the amended complaint on the ground that it fails to state a cause of action upon which relief may be granted; or, in the alternative, for an order striking so much of said count as seeks to recover damages for the loss of the companionship of Stephen Hetman. The fourth count, in substance, alleges that the death of the decedent which occurred on February 22, 1960, resulted from injuries inflicted upon the plaintiff's intestate in the occurrence of April 22, 1958. Obviously this count invokes the New Jersey Death Act, N.J.S.A. 2A:31-1 et seq. It is, of course, elementary and apparent from the language of this Act itself, that the damages recoverable for wrongful death are limited to the deprivation of a reasonable expectation of pecuniary advantage which would have resulted from the continuance of the life of the deceased. Loss of consortium is not a measure of such damages, nor is grief or mental anguish suffered by the survivors. In determining pecuniary injury resulting from wrongful death, the jury may not consider injury to the feelings of the survivors nor mental suffering or loss of society. The criterion of recovery is "reasonable expectation of a pecuniary advantage" which has been extinguished by the act occasioning the death. McStay v. Przychocki, 1951, 7 N.J. 456, 460, 81 A.2d 761, 763. The motion to strike the fourth count of the amended complaint is granted; but there is reserved to the plaintiff the right to amend the claim for damages therein to conform with the provisions of the New Jersey statute. This leave must be exercised within twenty days next succeeding the filing of the order to be entered hereon.

An order may be submitted conforming with the views hereinabove expressed.