Earl JONES, et al., Plaintiffs,

v.

**MAINE CENTRAL RAILROAD COMPANY, et al., Defendants.**

Civ. No. 87–0224–P.

United States District Court,
D. Maine.

July 26, 1988.

John P. Erler, Portland, Me., John P. Curran, Curran and Hannaway, Philadelphia, Pa., for plaintiffs.

Ralph I. Lancaster, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendants.

---

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

The twenty-seven plaintiffs in this action seek recovery under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* (hereinafter FELA), for hearing loss injuries allegedly caused by various negligent acts or omissions of Defendants. Defendants have moved for summary judgment on the claims of twenty-one plaintiffs on the grounds that they are time-barred by the applicable statute of limitations. Section 56 of Title 45, United States Code, provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." Defendants contend that a cause of action accrues under the FELA limitations statute when a plaintiff notices the injury. Based on Plaintiffs' deposition testimony, Defendants contend that the twenty-one plaintiffs subject to this motion all knew of their hearing loss more than three years before they filed suit.

In *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed.2d 1282 (1949), the Supreme Court eschewed a "mechanical analysis of the 'accrual' of petitioner's injury," *id.* at 169, 69 S.Ct. at 1024, in the context of occupational diseases. The Court stated:

> It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently, the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substances manifest themselves.

*Id.* at 170, 69 S.Ct. at 1025. The Court had explained that "the humane legislative plan" did not intend a time bar to result from blameless ignorance." *Id.* "Nor," the Court went on, "do we think those consequences can be reconciled with the

traditional purposes of statutes of limitations which conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights." *Id.*

Plaintiff argues that in the context of an occupational illness claim under the rationale of *Urie*, the statute of limitations begins to run when the employee becomes aware not only of his disease but also of its cause. The Court agrees. Courts in the Third and Fifth Circuits have adopted such a two-pronged approach. *See Kichline v. Consolidated Rail Corp.*, 800 F.2d 356 (3d Cir.1986); *Dubose v. Kansas City Southern Railway Co.*, 729 F.2d 1026 (5th Cir. 1984); *Emmons v. Southern Pacific Transportation Co.*, 701 F.2d 1112 (5th Cir.1983).

In *United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 358, 62 L.Ed.2d 259 (1979) the Supreme Court elaborated on the discovery rule for statute of limitations purposes. Citing *Urie*, the Court, in a Federal Tort Claims Act case, refused to extend the discovery rule to the time when plaintiff discovers the legal implication of facts known to him:

> We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and *his ignorance of the fact of his injury or its cause* should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself, and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain.

*Id.* at 122, 100 S.Ct. at 359.

Although Defendants argue that *Kubrick* should not be considered precedent for FELA cases, the Court is persuaded by the opinion of the Court of Appeals for the Fifth Circuit in *Dubose*, 729 F.2d at 1030, that *Kubrick* and *Urie* are a continuum, with *Kubrick* representing the latest definition of the discovery rule. *Kubrick*, then, implicitly contains the formulation that a claim accrues when a plaintiff should reasonably have been aware of the critical facts of injury and causation. *Dubose v. Kansas City Southern Railway Co.*, 729 F.2d at 1030.[1]

Plaintiff argues that an injured party is ignorant on medical causation issues until he has definite knowledge from a medical diagnosis that his injury or disease is work related. The Court rejects that formulation. The rule under *Kubrick* is not so inflexible as to require medical diagnosis. *See Dubose*, 729 F.2d at 1032; *Emmons*, 701 F.2d at 1122. As the court stated in *Dubose* in a slightly different context:

> Instead, we think that the Court intended the discovery rule to be applied in differing fact situations to effectuate the rationale behind the rule. In most cases a plaintiff will have actual knowledge of his injury no later than the time when he should have known he was injured. The discrepancy may be greater, however, between actual knowledge and constructive knowledge of the fact of causation. When a plaintiff may be charged with awareness that his injury is connected to some cause should depend on factors including how many possible causes exist and whether medical advice suggests an erroneous causal connection or otherwise lays to rest a plaintiff's suspicion regarding what caused his injury.

*Dubose, id.*, at 1031.

Using this standard, which imparts a requirement of diligence, *id.*, the Court will

---

1. Defendants argue that *Urie* should be narrowly construed not to include a requirement that plaintiff know or suspect the cause of his injury. In support of this construction, they cite a First Circuit case which states: "The principle of the *Urie* case is confined to situations where at the time his interest is invaded plaintiff has no notice that he has been impaired in any way." *Brassard v. Boston & Maine R.R.*, 240 F.2d 138, 141 (1st Cir.1957). Since knowledge of causation was not at issue or specifically addressed in *Brassard*, this Court would have been hesitant even before *Kubrick* to read too much into its capsule description of *Urie*. Since *Kubrick*, however, the Court is persuaded that *Brassard* cannot be read to limit the definition of accrual of a cause of action to when plaintiff has notice of his injury. He must also have notice of its cause.

examine Defendants' claim that fourteen [2] plaintiffs knew or should have known of both their hearing loss and its cause more than three years before they brought suit. Under Fed.R.Civ.P. 56, summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Since determination of the accrual of a cause of action is highly fact sensitive, the Court must be attentive that no genuine issues remain.[3]

### Lawrence Albert

The deposition testimony of Plaintiff Lawrence Albert indicates that his hearing loss manifested itself between three and five years before his April 1988 deposition. Tr. 67, line 23; 68, lines 5, 23–24. His action was filed on July 29, 1987. An accrual date three years before the deposition would place Plaintiff's claim within the three-year limitations period. Since the record does not conclusively determine when Plaintiff first knew of his injury, there remains a genuine issue of material fact and summary judgment is inappropriate.

### Russell S. Bickford, Jr.

In his deposition, Plaintiff Russell S. Bickford, Jr. testified that he had been diagnosed as having a hearing loss in 1980 and that he thought then that it was a result of his work with the railroad. Tr. 112, 142. There is no dispute about these facts. Bickford's cause of action accrued, therefore, in 1980, far more than three

years before the filing of his suit in 1987, and his action is time-barred under 45 U.S. C. § 56; summary judgment is appropriate.

### Walter Brannen

According to his deposition testimony, Plaintiff Walter Brannen estimates that he noticed his hearing loss about ten years before his deposition in April 1988. Tr. 88. Although he stated that he did not realize he had a hearing loss until he went for a hearing test, the deposition makes plain that he noticed his difficulty hearing around ten years ago. Tr. 90–91. From the time he first noticed his hearing problem, Brannen suspected that it was "because of the noise that I was exposed to every day." *Id.* These facts are undisputed. Since Plaintiff Brannen knew of his injury and suspected its cause approximately in 1978, his cause of action accrued more than three years before he filed suit in 1987. Since the statute of limitations has not been met, summary judgment is appropriate.

### John D. Brown

Although Plaintiff John Brown initially testified at his deposition that he thinks he suspected his hearing loss six or seven years before, Tr. 5, the gravamen of his testimony is that the onset was gradual and he does not know when he first noticed it. On page 82, the testimony shows that the issue of the time of his knowledge of his injury is unresolved:

A. We just started noticing it. I don't know when it was, whether it was five years ago, six, seven. It just

**2.** Defendants initially brought their summary judgment motion against twenty-one plaintiffs based on their definition of accrual of a cause of action, which the Court has now rejected. Based on the definition adopted by the Court, Defendants press their motion against fourteen of the original group of twenty-one.

**3.** Plaintiffs have submitted virtually identical answers to interrogatory No. 44, which states: "Describe in complete detail when and how you first realized you were suffering from hearing loss." The response is: "Plaintiff first became aware of his hearing loss and that it is due to

conditions at his employment with the defendants when he received a letter from John Paul Curran, Esquire, advising him of the results of a hearing test, a copy of which is attached." This response was clearly designed to provide a diagnosis date, to which Plaintiffs have attached a legal significance that the Court rejects under *Urie* and *Dubose.* The Court does not accept these standardized responses as generating a material issue of fact, and will examine the pertinent statute of limitations issues in light of the individualized deposition responses to the same question.

gradually came until we started noticing it.

Q. Do you think it's been at least five years?

A. It's possible, yeah.

Q. More than likely that it's five years?

A. I couldn't pinpoint it. I can't tell you the exact time it started.

This uncertainty is reinforced on page 105 when Plaintiff, in response to a specific question, states that he cannot recall when he first noticed his hearing loss coming on. Since there remains a genuine issue of material fact concerning the time of accrual of Plaintiff's cause of action, summary judgment is inappropriate.

### Wilfred H. Coffee

According to his deposition testimony, Plaintiff Coffee first noticed that he was losing his hearing in the mid–1970s. Tr. 15. He testified that he "figured it was probably job related," Tr. 70, and that he knew back in the 1970s that it was caused by the noise from the engines. Tr. 120. Since there is no dispute that Plaintiff knew of his injury and its cause in the mid–1970s, his action is time-barred by the statute of limitations and summary judgment is appropriate.

### Paul A. Currier

The deposition of Plaintiff Currier indicates that his hearing loss manifested itself about ten years before his deposition in October 1987, Tr. 3, or in the mid–1970s. Plaintiff twice consulted a physician for his hearing problems, once in 1978 and again in 1985. Although Defendants contend that Plaintiff knew from his first visit to the doctor that his hearing loss was work-related, the Court finds that there remains a genuine issue of fact concerning when Plaintiff learned of causation. This issue precludes summary judgment. Plaintiff stated that Dr. Diehl told him "if I recall properly, that I was likely to have a hearing loss that could be attributed to a loud noise or noise from some source." Tr. 4. When asked if Dr. Diehl had told him anything else, Plaintiff said "perhaps he recommended I think on the audiogram that I

wear ear protectors or ear protection if I was in a loud environment." Tr. 5. Later in the deposition, Plaintiff was asked if Dr. Diehl had told him on both visits that if he worked in a noisy environment it could contribute to a hearing loss. Plaintiff replied: "The only thing that I recall is the last visit when I had an audiogram by him I discussed it." Tr. 92. It is uncertain from the deposition testimony that Dr. Diehl said anything to Plaintiff from which he might infer causation at the first visit in 1978. Although Defendants would have the Court find that the advice concerning loud noises and ear protectors occurred at the first visit, Plaintiff says that he can only recall it with certainty at the second visit. Moreover, Dr. Diehl's notes indicate that ear protectors were prescribed only at the second visit. Since Plaintiff's knowledge of causation is shown without dispute only from the date of his second visit to Dr. Diehl in 1985, the record does not demonstrate that Plaintiff's action is barred by the statute of limitations and summary judgment is inappropriate.

### Norman Dodge

Plaintiff's testimony at his deposition establishes that he noticed his hearing loss in the late 1960s, that he had a hearing test and was diagnosed as having nerve damage in 1975 and that he consulted a doctor for his hearing loss in 1981 or 1982. Tr. 49, 50, 69. When initially asked if he had made any connection between his hearing problems and his job, Plaintiff replied no. Tr. 127. When counsel specifically pointed out noise on the job and asked if Plaintiff had thought that could be the cause of the hearing loss, Plaintiff twice said he surmised that that was the problem and then said that as early as 1968 he "presumed that was my problem." The record demonstrates, therefore, that Plaintiff knew of his injury and that it was caused by noise on the job for more than three years before he brought suit on his hearing loss claim. Thus, summary judgment is appropriate.

### Harold Erickson

Plaintiff Erickson's undisputed deposition testimony shows that by 1980 he knew

of his hearing loss, Tr. 58, and he "suspected it was because of the whistle and the bell—where the location of the whistle and the bell and the—the exhaust from the brake—brake and the applying and releasing the brakes on the locomotives." Tr. 61. There is no genuine issue of material fact and since the record demonstrates that Plaintiff knew of his injury and its cause more than three years before he filed suit, summary judgment is appropriate.

### Kenneth A. Fitton

Plaintiff Fitton was informed by his wife of his hearing loss approximately five years before his deposition on April 20, 1988. Tr. 70. At that same time he first began to think that his hearing loss was the result of his work with the railroad. Tr. 71–72. Since Plaintiff's cause of action accrued around April 1983, his suit, filed in July 1987, was brought more than three years later and is, therefore, untimely. Summary judgment is appropriate.

### Edward T. Hamilton

Plaintiff Hamilton testified at his deposition that he knew from 1971 that at least some of the noises to which he was exposed at work were causing him hearing damage. Tr. 35. As soon as he realized he had hearing problems in 1975, he attributed them to the railroad. Tr. 121–22. Since his cause of action accrued more than three years before the date upon which he brought suit, his action is time-barred and summary judgment is appropriate.

### Edward C. Hinds

Plaintiff Hinds testified that he knew he had a hearing loss only after being examined by a doctor. He admitted, however, that he had noticed a hearing loss five to ten years before his deposition in April 1988, and that he did not follow his wife's suggestion that he should go to a doctor because he "didn't want to know." Tr. 89. When he first noticed his hearing loss, he thought it was the result of his employment with the railroad, Tr. 11, and his wife also suggested the railroad as the cause. Tr. 89. Plaintiff, therefore, knew or should have known about his injury and its cause by 1983. He did not bring his action until July 1987, at least a year after the statute of limitations had run and summary judgment is appropriate.

### Alan D. Hunt

Plaintiff Hunt's hearing loss became manifest ten to fifteen years before his deposition in February 1988, when his wife pointed it out to him. Tr. 4. Plaintiff's wife thought then that his trouble hearing was a result of his work and he concurred. Tr. 11. Plaintiff's cause of action clearly accrued many more than three years before the filing of his Complaint. His action is, therefore, time-barred and summary judgment is appropriate.

### Earl Jones

There is a genuine issue of fact as to when Plaintiff Jones' cause of action accrued. Although he saw his physician for hearing problems in 1973 and the physician identified them as being related to railroad noise exposure in his notes, it is not clear that Plaintiff was informed of the cause. The notes say cryptically, "Reassured." They indicate the nature not the content of the conversation between doctor and patient. Plaintiff cannot recall, and the Court will not infer, that the doctor relayed causation information to Plaintiff on the basis of the 1973 notes (Exhibit V). Plaintiff testified at his deposition that he suspected "diesel deafness" when he noticed his hearing problem sometime in 1983, 1984 or 1985. Tr. 112–13. The timing of this recognition of causation by Plaintiff is too imprecise, however, to serve as a basis for a grant of summary judgment. If Plaintiff knew of the cause of his problem in 1985 or the last part of 1984, his Complaint would be timely. It would be barred, however, if he knew in 1983 or early 1984. There remain, then, several questions of fact concerning the accrual of Plaintiff's cause of action. Summary judgment is, therefore, inappropriate.

### Walter W. Zimont

Plaintiff Zimont testified at his deposition that he had told a colleague in 1969

**78**

that he was experiencing a hearing loss as a result of working for the railroad. Tr. 9. The cause of action having accrued at least by 1969, the statute of limitations ran by 1972, fifteen years before Plaintiff filed suit. Plaintiff's Complaint is untimely, and summary judgment is appropriate.

Accordingly, it is ORDERED that Defendants' Motion for Summary Judgment be, and it is hereby, GRANTED as to Plaintiffs Bickford, Brannen, Coffee, Dodge, Erickson, Fitton, Hamilton, Hinds, Hunt and Zimont, judgment to ENTER. Defendants' motion is DENIED as to the other Plaintiffs named in it.