Bertun L. STOKES, Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant.

No. C88–0018J.

United States District Court, D. Wyoming.

June 22, 1988.

Marvin J. Johnson, Cheyenne, Wyo., Robert N. Stone, DeParcq, Hunegs, Stone, Koenig & Reid, Minneapolis, Minn., for plaintiff.

Holland & Hart, Cheyenne, Wyo., for defendant.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

JOHNSON, District Judge.

The above-captioned matter came before this Court for hearing on defendant Union Pacific Railroad Company's May 24, 1988 motion for partial summary judgment. At the hearing in this matter, defendant was represented by Joe Teig and plaintiff was represented by Robert N. Stone. For reasons discussed below, the Court will grant defendant's motion.

Plaintiff, Bertun L. Stokes, brought this action under the Federal Employer's Liability Act (FELA) against his employer, Union Pacific Railroad Company, to recover damages for injuries sustained in the course of his employment. He alleges various negligent acts on the part of his employer, the railroad, which caused him to suffer spinal injuries and severe hearing losses.

Plaintiff began his employment with the Union Pacific in 1964 as an electrician and later became a carman in the Cheyenne yards. His duties as a carman occasionally required that he stop run-away railroad cars by climbing on to them and pulling their handbrakes. On May 18, 1987, he attempted to stop a run-away railroad car and as he stepped onto the moving car, he slipped and injured his back.

In his second claim for relief, on which defendant moves for summary judgment, plaintiff seeks damages for hearing losses. He alleges that while employed by defendant he was exposed to loud noises, which eventually caused injuries to both ears. Plaintiff began to experience a hearing loss in 1969 when he was first fitted with a hearing aid for his left ear. He was later fitted with a hearing aid for his right ear in 1984 and on January 11, 1988, he filed this action seeking damages for his hearing losses and a back injury.

■ Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to

"establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 106 S.Ct. at 2551. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 2552.

■ The railroad argues that it is entitled to summary judgment because the statute of limitations under the Federal Employer's Liability Act prohibits plaintiff from recovering damages for his hearing loss. 45 U.S.C. § 56 of the Federal Employer's Liability Act provides in relevant part that actions for injuries to employees must be brought "within three years from the day the cause of action accrued." According to defendant, plaintiff's claim for his hearing loss accrued more than three years before plaintiff filed this suit. Thus, the issue in this case is when does a plaintiff's right of action accrue under the Federal Employer's Liability Act.

This issue was decided by the Supreme Court in *Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1024–25, 93 L.Ed. 1282 (1949). In *Urie*, the plaintiff contracted silicosis from his on-the-job exposure to silicone laden dust, which was diagnosed a few weeks after he became too ill to work. The railroad argued that plaintiff's suit was barred by the statute of limitations because his cause of action had accrued more than three years before plaintiff filed suit. The Court rejected this argument and instead held that a right of action under the Federal Employer's Liability Act accrues when the plaintiff discovers he has an injury and its cause. 337 U.S. at 169–70, 69 S.Ct. at 1024–25. *See also United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979) (right of action accrues when plaintiff discovers his injury and its cause); *Emmons v. Southern Pacific Transp. Co.*, 701 F.2d 1112, 1119 (5th Cir.1983) ("[w]here a claimant has no reason to know of his injury when it is sustained, his cause of action under the FELA does not accrue, and limitations therefore does not begin to run,

until the claimant becomes aware that he has been injured and that his injury is work related.").

According to his deposition, plaintiff knew as early as 1981 that his hearing loss was work related. Depo. of Bertun L. Stokes at 81. He asserts, however, that his hearing loss is a continuing injury and, therefore, his right to sue accrues only when the tortious conditions causing the injuries have ceased. Construing the facts most favorably to plaintiff, these tortious conditions ceased in 1987 when the railroad began to provide ear protection to its employees. Plaintiff's argument is based on the continuing tort doctrine, which states that " '[w]hen a tort involves *continuing injury*, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases.' " *Page v. United States*, 729 F.2d 818, 821 (D.C.Cir. 1984) (quoting *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir.1974), *vacated on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975) (emphasis added). Thus, plaintiff essentially argues that the continuing tort doctrine provides an exception to the discovery rule articulated in *Urie*. To support his argument, plaintiff cites *Fletcher v. Union Pacific R.R. Co.*, 621 F.2d 902 (8th Cir.1980), *cert. denied*, *Union Pacific R.R. Co. v. Fletcher*, 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981) and *Fowkes v. Pennsylvania R.R. Co.*, 264 F.2d 397 (3d Cir.1959). These cases involved claims based on continuing injuries where the courts applied the continuing tort doctrine to hold that the statute of limitations under the FELA began to run when the tortious conditions causing the injuries ceased.

In *Fletcher*, the plaintiff sued under the Federal Employer's Liability Act to recover damages from his employer for a traumatic back injury that had occurred more than three years before he filed suit. The court held that plaintiff's back injury claim was untimely and, therefore, barred by the three-year statute of limitations under the Federal Employer's Liability Act. The plaintiff also sued under a negligent assignment theory, alleging that the railroad required that he do work beyond his physical capabilities. The majority of the court held that the statute of limitations would not bar this claim because the statute was tolled until the railroad assigned plaintiff to lighter work. 621 F.2d at 908. In reaching this holding, the court relied on *Fowkes*, which had reached a similar result, but on significantly different facts. For reasons discussed below, the Court does not find *Fletcher* to be persuasive authority.

In *Fowkes*, the plaintiff developed arthritis after using an air hammer for many years while working for the railroad. Because no single incident with the air hammer caused the plaintiff's injury, the Third Circuit held that the statute of limitations under the FELA did not begin to run before "the plaintiff was relieved of jolting work with the heavy hammer." 264 F.2d at 399. *Fowkes*, however, is clearly distinguishable from this case because the jury found that the employee had not discovered his injury three years before he filed his lawsuit. *Id.* at 398. Thus, if plaintiff had discovered his injury at an earlier date, there is no reason to presume that the continuing tort doctrine would have tolled the statute of limitations.

■ This conclusion is supported by *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 359–60 (3d Cir.1986) where the Third Circuit explained the holding of *Fowkes* as follows:

> *Fowkes* can be fairly read as implying that had identification of the injury and its cause occurred before employment terminated, the discovery of injury rather than the cessation of work would have marked the beginning of the limitations period. From that viewpoint, *Fowkes* does not support the plaintiff's contention that the statute of limitations commenced on his last day of work.

> \* \* \* \* \* \*

> We understand *Fowkes* to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury

 

and its cause, a claimant must choose to sue or forego that remedy.

Based on this explanation, *Fowkes* does not support an argument that the *Urie* discovery rule is inapplicable where the tortious conditions continue after plaintiff "becomes aware of his injury and its cause." *Kichline*, 800 F.2d at 360. For the same reason, the Court rejects the holding of *Fletcher* to the extent that the majority held that the continuing tort doctrine provides an exception to the *Urie* discovery rule.[1]

■ Even assuming the continuing tort doctrine applied, plaintiff's cause of action would have accrued on or before April 5, 1984. As previously stated, the continuing tort doctrine is based on the concept of "a continuing injury." *Page*, 729 F.2d at 821. In its motion for summary judgment, the defendant submitted evidence that plaintiff suffered no deterioration in his hearing between April 5, 1984 and April 18, 1988. Arlan E. Walter, an audiologist who examined plaintiff on those dates, found no change in plaintiff's hearing. *See* Affidavit of Arlan E. Walter and Depo. of Gerald Smith, M.D. at 24–25. Without additional injury there can be no continuing tort. *See, e.g., Fletcher*, 621 F.2d at 910 (Henley, J., concurring in part, dissenting in part). Plaintiff in his response offered nothing to contradict this evidence, even though under the Supreme Court's holding in *Celotex* plaintiff had the burden to do so.

The plaintiff's compliance with 45 U.S.C. § 56 is a condition precedent to his recovery in a FELA action and failure to file suit within the prescribed three years "not only bars the claimant's remedy, but it also destroys the employer's liability." *Emmons*, 701 F.2d at 1117. Additionally, the plaintiff has the burden "to prove that his cause of action was commenced within three years after he realized that his ... [injury] was work related." *Id.* at 1118. Here, plaintiff clearly cannot meet this burden because he filed suit in 1988, more than three years after he discovered his hearing

losses were work related. The Court, therefore, concludes that this claim is barred by the statute of limitations under the FELA.

NOW, THEREFORE, IT IS ORDERED that defendant's motion for partial summary judgment is granted.

---

**1.** The Court notes that in relying on *Fowkes*, plaintiff's counsel failed to alert the court to the Third Circuit's subsequent explanation of that decision in *Kichline*, even though it appears that plaintiff's counsel's law firm appeared as counsel in *Kichline*.