Gina MANDERS and Vinnie Payton Hoover, Plaintiffs–Appellants,

v.

The STATE OF OKLAHOMA, ex rel. DEPARTMENT OF MENTAL HEALTH and Eastern State Hospital, and LaRoe Haney, Defendants–Appellees.

Nos. 87–2005, 87–2045 and 87–2489.

United States Court of Appeals, Tenth Circuit.

May 4, 1989.

Steven R. Hickman of Frasier & Frasier, Tulsa, Okl., for plaintiffs-appellants.

Karen A. Pepper Mueller (Joel L. Carson, with her on the brief) of Carson, Rayburn, Pierce & Mueller, Oklahoma City, Okl., for defendants-appellees, Oklahoma Dept. of Mental Health and Eastern State Hosp.

Sue Wycoff, Asst. Atty. Gen., State of Okl. (Robert H. Henry, Atty. Gen., with her on the brief), Oklahoma City, Okl., for defendant-appellee, LaRoe Haney.

Before ANDERSON and BRORBY, Circuit Judges, and O'CONNOR, District Judge.[*]

EARL E. O'CONNOR, District Judge.

Plaintiffs, Gina Manders and Vinnie Payton Hoover, brought separate actions[1] in the United States District Court for the Northern District of Oklahoma against LaRoe Haney (their supervisor), Eastern State Hospital (their place of employment), and the Department of Mental Health of the State of Oklahoma, claiming money damages for sexual harassment by Haney.

Plaintiffs also sought recovery of their attorneys' fees under section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k), for services performed at an administrative grievance procedure.

Plaintiffs have appealed and seek reversal of three district court rulings: (1) the grant of summary judgment to defendant Haney in his individual capacity on plaintiffs' section 1983 claims; (2) the dismissal on 12(b)(6) grounds of plaintiffs' Title VII sexual harassment claim as to all defendants; and (3) the dismissal on 12(b)(6) grounds of plaintiffs' request for attorneys' fees. For the reasons discussed below, the district court's decisions will be affirmed.

*Summary Judgment—Plaintiffs' Section 1983 Claims*

Defendant Haney, in his individual capacity, moved for summary judgment, claiming among other things, that plaintiffs' section 1983 claims were barred by the applicable two-year statute of limitations. Plaintiffs filed their action May 5, 1986. Therefore, under the two-year statute of limitations, the conduct complained of must have occurred after May 5, 1984.

We review de novo the district court's grant of summary judgment. *Hydro Conduit Corp. v. American–First Title & Trust Co.*, 808 F.2d 712, 714 (10th Cir. 1986). In considering a party's motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving

---

[*] Honorable Earl E. O'Connor, Chief Judge of the United States District Court for the District of Kansas, sitting by designation.

[1] The court consolidated plaintiffs' separate actions by order dated June 9, 1986.

party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Company v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

■ A review of the record reveals that plaintiffs failed to offer evidence of any conduct by defendant Haney after May 5, 1984, which indicated a continuation of his alleged sexual harassment. Plaintiffs conceded that Haney's sexual advances ended *before* May 5, 1984, but argued that Haney continued to sexually harass them after May 5, 1984, by acting "vengefully" in response to their rebuffs. Essentially, plaintiffs contended that defendant Haney's "vengefulness" was a continuation of his earlier sexual harassment because it was intended to punish the plaintiffs for not acquiescing to his sexual advances. Plaintiffs relied on the following statement to respond to defendant Haney's motion for summary judgment:

> Defendant's attitude toward the plaintiffs changed and he became vengeful and harassed them in just the opposite way. Plaintiffs submit that such negative actions in the face of unrequited love are just as sexually motivated as the fondling. As the two attitudes of Defen-

dant Haney are interconnected and causally related, Defendant Haney should be held just as liable for his negative attacks as he would for his forward ones. These negative acts occurred up to the filing of the grievance in September, 1984, and the statute of limitations does not bar this action.

We agree with the district court's conclusion that the above statement is insufficient to defeat defendant Haney's motion for summary judgment under the *Celotex* and *Anderson* standards. Other than bald allegations of "vengefulness," plaintiffs offered no evidence to indicate that defendant Haney continued his alleged sexual harassment after May 5, 1984; that is, plaintiffs offered no evidence of specific acts by defendant Haney within the two years preceding the filing of the complaints. Thus, the district court correctly granted defendant Haney's motion for summary judgment on statute of limitations grounds.

*Dismissal of Title VII Sexual Harassment Claims*

■ Defendants moved for dismissal of plaintiffs' Title VII sexual harassment claims under Federal Rule of Civil Procedure 12(b)(6). The district court granted defendants' motion, finding that the plaintiffs pled causes of action only for recovery of attorneys' fees under Title VII. In reviewing a dismissal for failure to state a claim on which relief can be granted, we take the well-pleaded allegations of the complaints as true. *Martinez v. Winner*, 771 F.2d 424, 433 (10th Cir.1985), *vacated on other grounds*, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Even a liberal reading of plaintiffs' original and amended complaints cannot support a Title VII sexual harassment claim. Plaintiffs' allegations state that they seek compensatory damages for emotional pain,

assault, and battery. Since it is a well-established rule that Title VII provides for equitable remedies and not compensatory ones, plaintiffs' remedy requests belie a Title VII claim. *See, e.g., Pearson v. Western Electric Co.*, 542 F.2d 1150, 1151 (10th Cir.1976). Additionally, plaintiffs did not contend that their complaints asserted a Title VII sexual harassment claim until after the trial court issued an order limiting plaintiffs' claims to section 1983 sexual harassment claims against defendant Haney in his individual capacity. The district court correctly disallowed plaintiffs' belated attempts to imbue into their Title VII claims for attorneys' fees sexual harassment claims which had not been properly pled. Therefore, plaintiffs' Title VII sexual harassment claims were properly dismissed on Rule 12(b)(6) grounds.

*Attorneys' Fees*

■ The State of Oklahoma, pursuant to statute, provides a grievance procedure for its state employees. 74 O.S. § 841.9. The Department of Mental Health, an arm of the state, had complied with this statute and had an established grievance procedure in place for its employees. Plaintiffs followed this grievance procedure to seek relief from their supervisor's alleged sexual harassment. After several days of hearings in October 1984, the Superintendent of Eastern State Hospital found insufficient evidence of sexual harassment and denied plaintiffs' request for defendant Haney's termination. However, the Superintendent demoted and transferred Haney for mismanagement and misconduct.[2] In May 1986, after filing a complaint with the Equal Employment Opportunity Commission (EEOC), plaintiffs filed their actions in federal court. Plaintiffs' complaints requested an award of attorneys' fees in the amount of $6,500 for the services rendered during the internal grievance procedure.

The issue presented by plaintiffs' appeal of the trial court's dismissal of the claim for attorneys' fees is whether section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k), supports an award of attorneys' fees for

services rendered in an optional internal grievance procedure. We agree with the district court and hold that the statute does not support such an award.

Section 706(k) provides: "In any action or proceeding under this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." To come within the statute, the internal grievance procedure pursued by plaintiffs must be an "action or proceeding." The Supreme Court recently interpreted the meaning of the words "action or proceeding" in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), holding that the actions or proceedings contemplated by section 706(k) are those required or mandated procedures to which complainants must resort prior to bringing a Title VII action in the district court. *Id.* at 62, 100 S.Ct. at 2030. Stated another way, the proceedings for which attorneys' fees are allowed under section 706(k) are those which are an integral part of the Title VII scheme.

Under the Title VII scheme, initial resort to state and local remedies is mandated. 42 U.S.C. § 2000e–5(c); *Carey*, 447 U.S. at 65, 100 S.Ct. at 2031. Section 2000e–5(c) has resulted in the development of a referral and deferral system: "[w]hen a charge is filed with the EEOC prior to exhaustion of state or local remedies, the Commission refers the complaint to the appropriate local agency." *Carey*, 447 U.S. at 64, 100 S.Ct. at 2031. The local agencies to which the EEOC refers and defers charges are called "706 Agencies." 29 C.F.R. § 1601.70(a) (1988). The 706 Agency in Oklahoma is the Oklahoma Human Rights Commission. *Id.* § 1601.74(a).

Reading Title VII's attorneys' fee provision in conjunction with the referral/deferral scheme briefly outlined above, the *Carey* Court concluded that section 706(k) allows "an award of attorney's fees for work done by the prevailing complainant in state proceedings to which the complainant was referred pursuant to the provisions of Title

**2.** Defendant Haney filed a grievance of his own with the Oklahoma Ethics and Merits Commission, which resulted in the Commission vacating the order demoting and transferring him.

VII[,]" *Carey,* 447 U.S. at 71, 100 S.Ct. at 2034, *i.e.,* those proceedings which are a prerequisite to a court action. *Id.* at 73, 100 S.Ct. at 2035 (J. Stevens, concurring).

The internal grievance procedure provided by the state of Oklahoma for its Department of Mental Health employees is not an "action or proceeding" as defined in *Carey.*[3] The grievance procedure is optional. Whether employees pursue the internal grievance procedure or not, they at all times have the right to file their cases with the Oklahoma Human Rights Commission, Equal Employment Opportunity Commission or the Ethics and Merit Commission. Thus, the procedure is an enforcement mechanism additional to, not a precondition of, Title VII enforcement, and is not an integral part of the Title VII scheme. *See Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 72, 106 S.Ct. 2399, 2408, 91 L.Ed.2d 49 (1986) (implicit in the Court's conclusion that complainant's failure to invoke an employer's grievance procedure does not insulate the employer from Title VII liability is that optional internal grievance procedures are not required or mandated proceedings to which complainants must resort before pursuing a Title VII action in court). Because the internal grievance procedure was not a prerequisite to the plaintiffs' filing a Title VII action, the procedure does not fall within section 706(k)'s "action or proceeding" language and attorneys' fees for services during the grievance procedure are not available.

By so holding, we remain true to *Carey*'s reasoning and to a public policy of encouraging employers to provide informal resolutions to discrimination in the work environment. The *Carey* Court reasoned that to effectuate Congress' purpose in enacting section 706(k)—making it easier for a plaintiff of limited means to bring a meri-

torious suit—attorneys' fees must be available to compensate counsels' efforts in required administrative proceedings to prevent plaintiffs from being deterred from pursuing meritorious claims by the prospect of having to pay fees. *Carey,* 447 U.S. at 63, 100 S.Ct. at 2030; *Webb v. County Board of Education of Dyer County, Tenn.,* 715 F.2d 254, 256 (6th Cir. 1983), *aff'd,* 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985) (§ 1988 case). Plaintiffs could have filed their charges with the Oklahoma Human Rights Commission without resorting to the internal grievance procedure; consequently, they would not have been deterred from asserting their federal rights had they known that attorneys' fees would be unavailable for the services performed in connection with the optional proceedings. Thus, the problem faced by Title VII litigants that section 706(k) was designed to solve is not present here.

Finally, allowing recovery of attorneys' fees in optional internal grievance procedures would tend to discourage private employers, as well as public employers like the defendants in this case, from instituting such potentially ameliorative procedures. Such a result is avoided by following the Court's definitive construction of section 706(k) in *Carey.*

The judgment of the district court is AFFIRMED.

---

3. As far as the court can determine, only one circuit court has chosen to expand section 706(k) to include attorneys' fees for procedures not mandated by Title VII. In *Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760 (7th Cir.1982), *cert. denied,* 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983), the Seventh Circuit, on rather unusual facts, concluded that "section 706(k) should be interpreted as allowing attorneys' fees to the prevailing plaintiffs for services which

contribute to the ultimate termination of the Title VII action." The *Chrapliwy* case did not concern an internal grievance procedure like the one at issue; instead, it concerned a debarment proceeding pursuant to an Executive Order. Additionally, the Title VII action was well under way when the plaintiffs sought relief through the alternate debarment procedure. Therefore, it is distinguishable on its facts from the case at bar.