562 So.2d 1030 (1990)
Cecil L. SMITH, Plaintiff-Appellant,
v.
CLIFF'S DRILLING COMPANY, Defendant-Appellee.
No. 89-9.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
Wm. Henry Sanders, Jena, for plaintiff-appellant.
Preis & Kraft, Edwin G. Preis, Jr., D.C. Panagiotis, Lafayette, for defendant-appellee.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
DOMENGEAUX, Chief Judge.
Cecil L. Smith, brought suit in state court for injuries he allegedly received while employed as a seaman aboard a vessel in navigable waters. Smith sued under the general maritime law and under the Jones Act, 46 U.S.C. § 688, for aggravation of hearing loss and other injuries sustained while working in the engine room of a drilling barge owned by his employer, Cliff's Drilling Company.
After considering numerous pretrial matters, the trial court found Smith's claim for hearing loss had prescribed. The court then ordered a jury trial on the remaining issues, pursuant to Cliff's request. Before the case proceeded to trial, Smith appealed the pretrial orders denying plaintiff's motion to strike trial by jury and sustaining defendant's exception of prescription. We affirm in part, reverse in part, and remand.

JURISDICTION
Cliff's did not file an answer to the appeal; however, in its brief, Cliff's questions our jurisdiction to review the interlocutory order denying Smith's motion to strike trial by jury. While it is true that a litigant cannot usually appeal an interlocutory judgment without a showing of irreparable injury, La.C.C.P. art. 2083, it is also true that article 2083 serves to promote judicial efficiency and prevent piecemeal appeals. In the case before us, Smith has appealed both a final judgment of prescription *1031 and an interlocutory order. Our review of the prescription issue requires a full review of the record which includes all pretrial proceedings. While an application for supervisory writs is undoubtedly the more appropriate remedy, we believe a decision on the jury issue now will expedite final adjudication of the matter and will prevent further delays once the case has proceeded to trial on the merits. See Guidroz v. State Farm Fire & Casualty Co., 334 So.2d 535 (La.App. 1st Cir.1976).

JURY TRIAL
Smith filed an original petition on March 11, 1985, and subsequently filed four supplemental and amending petitions. Smith did not pray for a jury trial, but Cliff's requested trial by jury in its answer. Smith moved to strike the jury trial, asserting that only the plaintiff in a seaman's suit has the right to request a jury. Smith's motion was denied.
La.C.C.P. art. 1731 recognizes the right to trial by jury, subject to certain limitations contained in La.C.C.P. art. 1732. In 1988, the legislature enacted the following provision of art. 1732:
A trial by jury shall not be available in:
* * * * * *
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
As of September 9, 1988, the effective date of the above quoted provision, Louisiana law no longer recognizes the right of trial by jury in an admiralty or general maritime claim designated as such by the plaintiff and brought under a saving to suitors clause. Heinhuis v. Venture Associates, Inc. of Louisiana, 558 So.2d 1244 (La.App. 1st Cir.1990). This amendment has not been applied retroactively. See Heinhuis; Gauchet v. Chevron USA, Inc., 541 So.2d 272 (La.App. 4th Cir.1989).
Because the plaintiff in the case before us brought his action prior to the effective date of the aforementioned statute, the question for our review is whether the former law allowed for a jury trial at the sole request of a defendant in an admiralty or general maritime suit. After reviewing the pertinent jurisprudence, we conclude that a defendant did formerly have a right to jury trial prior to the 1988 amendment. In Hebert v. Diamond M Co., 367 So.2d 1210, at 1216 (La.App. 1st Cir.1978), appeal after remand, 385 So.2d 410 (La.App. 1st Cir. 1980), the First Circuit held that a jury trial is a remedy "available to a litigant in a maritime or admiralty claim the same as it would be to any other civil litigant before our courts." Likewise, in Heinhuis, the court noted that "prior to 1988 ... the defendant's right to a jury trial was not affected." We agree with this jurisprudence. Unless and until a jury trial is specifically forbidden in certain cases, a defendant will be given the right to choose a jury, regardless of the choice made by the plaintiff. We therefore affirm the trial court's denial of plaintiff's motion to strike trial by jury.

PRESCRIPTION
We note initially that this substantive issue is governed by federal law. We must therefore follow the pertinent federal jurisprudence arising under the general maritime law, the Jones Act, and the Federal Employers' Liability Act, which is the statutory model for the Jones Act.
The Jones Act and the general maritime law of unseaworthiness provide for a prescriptive period of three years. Cooper v. Diamond M Co., 799 F.2d 176 (5th Cir. 1986), cert. denied, 481 U.S. 1048, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987). In cases involving traumatic injury, when symptoms are immediately manifested so that the employee is aware of the event causing the injury, the cause of action accrues upon the occurrence of the injury, regardless of whether the full extent of the disability is known at that time. Fletcher v. Union Pacific Railroad Company, 621 F.2d 902 (8th Cir.1980), cert. denied, 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981). On the other hand, when symptoms of injury are not immediately manifested, such as *1032 when an employee suffers from an industrial disease, the cause of action does not accrue until the employee is aware or should be aware of his condition. Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); Dubose v. Kansas City Southern Ry. Co., 729 F.2d 1026 (5th Cir. 1984).
Cecil Smith filed suit more than three years after diagnosis of a moderate to severe hearing loss. Although the medical testimony was equivocal, the apparent cause of Smith's hearing loss was his exposure to loud noises in the engine room of the Cliff's drilling barge where he worked since 1979. Smith first saw Dr. James T. Pate in 1981, who diagnosed the hearing loss and recommended the continuous use of protective ear muffs. Smith returned to Dr. Pate in 1985 with complaints of more difficulty with his hearing. Testing revealed a small increase in Smith's hearing loss since the 1981 testing. Smith then filed suit on March 11, 1985.
Smith had knowledge of his injury and its apparent cause more than three years before filing suit, outside the federal limitations period by which this matter is governed. Therefore, Smith has no claim for, and does not even assert a claim for physical injuries occurring before March 11, 1982, three years before the date on which he filed suit against his employer.[1]
It does not follow, however, that prescription has extinguished all claims Smith has against Cliff's. There remains for consideration the period from March 11, 1982 to January 24, 1985, the last day of Smith's employment with Cliff's. During that time, Smith was allegedly exposed to high noise levels because of Cliff's negligence. Smith has asserted a claim for aggravation of his hearing loss since March of 1982 and that claim has not prescribed. Kichline v. Consolidated Rail Corp., 800 F.2d 356 (3rd Cir.1986); Courtney v. Union Pacific Railroad Company, 713 F.Supp. 305 (E.D. Ark.1989); Nasser v. Hudson Water Ways Corp., 563 F.Supp. 88 (W.D.Wash.1983).
Cliff's cites Stokes v. Union Pacific Railroad Company, 687 F.Supp. 552 (D.Wyo.1988), for the proposition that the continuing tortious conduct of a defendant does not "stop the ticking of the limitations clock" which begins with the discovery of an injury and its cause. Pursuant to that rule, the defendant prevailed and the claim for hearing loss was dismissed. The Stokes plaintiff, however, did not sue for the aggravation of his injury, and in fact, the defendant specifically disproved any aggravation within the three years prior to suit. Therefore, the Stokes case has no bearing on the issue before us.
Similarly, in Emmons v. Southern Pacific Transportation Co., 701 F.2d 1112 (5th Cir.1983), the court dismissed a railroad worker's action for aggravation of a preexisting ankle injury. The Fifth Circuit concluded that the only tortious conduct on the part of the defendant was the failure to give the employee a prepromotion physical, conduct which occurred more than three years prior to suit. While the plaintiff did sue for aggravation of his injury, the court, noting that the injury preexisted the employment, held that the aggravation was not a result of continuing tortious conduct by the defendant. In the case before us, Smith alleged both continuing tortious conduct and a continuing or progressive injury.
We turn to the language of Kichline which precisely illustrates the nature of Smith's cause of action:
If plaintiff can establish the railroad's negligence, he would be entitled to claim damages for the aggravation of his physical condition that occurred between August 3, 1980 and November 1982. Necessarily excluded will be any aggravation occurring before August 1980, three years before the date suit was filed. To illustrate, if the plaintiff's bronchial condition was aggravated by the defendant's *1033 negligence to an extent of sixty percent but only twenty percent had occurred between August 3, 1980 and November 1982, his claim will be limited to the latter amount, subject to further reduction if he is found to have been negligent.
800 F.2d at 361.
The cause of action for aggravation which might exist here differs from a claim of negligent assignment, which does not arise until the employer, knowing of an employee's partial disability, nevertheless assigns him to unsuitable work. Kichline; Fletcher; Corrigan v. Burlington Northern Railroad, Inc., 612 F.Supp. 665 (D.C. Minn., 1985).
For the above and foregoing reasons the judgment of the trial court denying Smith's motion to strike trial by jury is affirmed. The judgment dismissing Smith's claim for loss of hearing is reversed; it is hereby ordered that Cliff's exception of prescription on the hearing loss claim be overruled and the case remanded for further proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Apparently, Louisiana law differs from federal law on this point. See, for example, Wilson v. Hartzman, 373 So.2d 204 (La.App. 4th Cir.1979) writ denied, 376 So.2d 961 (La.1979), which held that when the operating cause of damage is a continuing act, giving rise to successive damage from day to day, prescription does not commence to run until the continuing cause of damage is abated.