985 F.2d 553
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert E. JOHNSON, Plaintiff-Appellant,
v.
NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellee.
 No. 92-1719.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 1, 1992
Decided: January 28, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-88-549-R)
 Argued: John Roy Fabry, Jones & Granger, Houston, Texas, for Appellant. William Beverly Poff, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellee.
 On Brief: Thomas A. Leggette, Frank K. Friedman, Mark D. Loftis, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.
 LUTTIG, Circuit Judge:
 
 
 1
 Robert E. Johnson brings this appeal from an order of the district court granting summary judgment to Norfolk and Western Railway Company on Johnson's action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. The district court held that Mr. Johnson's claim was time-barred. We affirm.
 
 I.
 
 2
 The memorandum opinion accompanying the district court's order summarizes the pertinent facts in the case, and we recount them here only to the extent necessary to resolve this appeal. Johnson brought his Federal Employers' Liability Act [FELA] action against his employer, Norfolk and Western, on November 15, 1988, alleging that he had suffered noise-induced hearing loss from working in appellee's computer center, where he had been employed since 1979. In deposition, Johnson stated that at some point while at the computer center he began experiencing difficulties with his hearing. He testified that his hearing was worse at the end of the work day than at the beginning, that he had to turn up the volume on his radio to hear it when he returned home from work, that he was having trouble hearing during conversations, and that he sometimes experienced a ringing sensation in his ears. Despite repeated questioning, however, Johnson could not identify a specific date when he first noticed these problems, and he admitted that they might have begun as early as 1979. J.A. at 22-25, 30-33. Johnson also stated that he could think of nothing other than the noise in the computer center that could have caused his hearing impairment. Id. at 35.
 
 
 3
 The only evidence that bore directly on the question of when Johnson's hearing difficulties began was the report of Dr. W.C. McLean, Johnson's physician, which was completed following Dr. McLean's examination of Johnson on December 12, 1986. Dr. McLean stated in that report that "[o]ver the past 2 yrs. [Johnson] notes that he does not hear well." Id. at 65. On the strength of Johnson's deposition testimony and Dr. McLean's report of Johnson's statements to him, Norfolk and Western moved for summary judgment, arguing that Johnson could not prove compliance with the FELA three-year statute of limitations.
 
 
 4
 The district court granted Norfolk and Western's motion, observing that a cause of action accrues under FELA only when the plaintiff knows or should know both of his injury and its cause. Urie v. Thompson, 337 U.S. 163, 169-70 (1949); Townley v. Norfolk & Western Ry., 887 F.2d 498, 501 (4th Cir. 1989). The court held that the hearing difficulties experienced by Johnson to which he testified were sufficient to give Johnson reason to know of his injury. Because, according to Dr. McLean's report of Johnson's own statements, Johnson knew of these hearing problems as of December 12, 1984, more than three years before he filed suit, the district court held that Johnson's suit was time-barred. J.A. at 95.
 
 II.
 
 5
 No action may be maintained under FELA "unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. As Johnson concedes, Appellant's Br. at 11, this statute of limitations is not an affirmative defense; instead, compliance with 45 U.S.C. § 56 is a condition precedent to recovery under the Act. Failure to bring suit within the statutory period"destroys the employer's liability" and bars the claimant's recovery. Emmons v. Southern Pac. Transp. Co., 701 F.2d 1112, 1117 (5th Cir. 1983). "The burden is therefore on the claimant to allege and to prove that his cause of action was commenced within the three-year period." Id. at 1118; accord Rohner v. Union Pac. R.R., 225 F.2d 272, 274 n.7 (10th Cir. 1955); Carpenter v. Erie R. Co., 132 F.2d 362 (3rd Cir. 1942), cert. denied, 318 U.S. 788 (1943); American R. Co. v. Coronas, 230 F. 545, 546 (1st Cir. 1916).
 
 
 6
 We agree with the district court that Johnson cannot carry his burden of proof to establish that he instituted suit within three years of the accrual of his cause of action. It is evident from Dr. McLean's report that Johnson himself believed that he had been injured at least as of December 12, 1984.[1] Even without Dr. McLean's report, Johnson would be unable to prove to a rational fact-finder that he complied with the statute of limitations, because he admittedly cannot remember when his hearing problems began and, indeed, he testified that they may have begun as early as 1979. The court therefore correctly held that Johnson's FELA claim, which was brought nearly four years after he knew or should have known of his injury, was time-barred.[2] See Townley, 887 F.2d at 501; Young v. Clinchfield R.R., 288 F.2d 499, 503 (4th Cir. 1961).
 
 
 7
 Johnson challenges this conclusion by arguing that, although he may have experienced temporary hearing problems, or temporary threshold shift [TTS], in 1984 or before, he first realized that he might have permanent hearing loss during a conversation with co-workers that occurred sometime between May 16 and December 12, 1986. Since only permanent hearing loss is actionable under FELA, he reasons that he filed suit within three years of the time his action actually accrued. See Appellant's Br. at 11-17. We reject this post hoc effort to distinguish between temporary and permanent hearing loss for purposes of tolling the FELA statute of limitations. In many if not most cases, the dichotomy is false, since recurrent temporary (i.e., lasting for a day or two) hearing loss is a recognized symptom of permanent injury. Johnson's own expert Dr. Schumaier noted in his affidavit that "repeated episodes of TTS" are a sign that"permanent injury is occurring." J.A. at 74 p 6. As the district court held, when Johnson began experiencing a ringing sensation in his ears and began noticing that his hearing was worse at the end of the work day than at the beginning, that he was forced to turn up his radio very loud in order to hear it when returning home from work, and that he was having trouble hearing conversations, he should have known of his work-related injury for purposes of the FELA statute of limitations. See Bealer v. Missouri Pac. R.R., 951 F.2d 38, 40 (5th Cir. 1991) (temporary hearing loss and ringing in ears provided constructive notice of workrelated injury to FELA claimant); Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1097 (7th Cir. 1990) (temporary workrelated ringing in the ears put plaintiff on constructive notice of injury for FELA purposes); Billman v. Missouri Pac. R.R., 825 S.W.2d 525, 528 (Tex. Ct. App. 1992) (holding that even if FELA claimant thought work-related hearing loss was only temporary, his awareness of the problem started the running of limitations); Robb v. CSX Transp., Inc., 204 Ga.App. 690, 420 S.E.2d 370, 373 (1992) (same; rejecting argument that symptoms of TTS were insufficient to constitute constructive notice of work-related injury).[3]
 
 III.
 
 8
 The district properly held on the evidence before it that as a matter of law Mr. Johnson should have known of his work-related hearing injury as of December 12, 1984. Because Johnson did not file suit until November 15, 1988, and compliance with the three-year statute of limitations is an essential element of a FELA claim, his action was time-barred.
 
 AFFIRMED
 MURNAGHAN, Circuit Judge, dissenting:
 
 9
 I respectfully dissent from the majority's conclusion that "Even without Dr. McLean's report, Johnson would be unable to prove to a rational fact-finder that he complied with the statute of limitations, because he admittedly cannot remember when his hearing problems began and, indeed, he testified that they may have begun as early as 1979." Under my reading of the applicable legal standards and the evidence presented by Johnson, Johnson has provided sufficient evidence for the question to be taken to a jury.
 
 
 10
 In a suit under FELA, the employee bears the burden of proving that his or her cause of action was commenced within the three-year statute of limitations. See, e.g., Emmons v. Southern Pacific Transp. Co., 701 F.2d 1112, 1117 (5th Cir. 1983). Ordinarily, it is clear from the circumstances of the injury when the statute of limitations begins to run. Sometimes, however, as in the case at hand, a plaintiff may be unaware when the injury actually occurs. In those instances, courts apply a "discovery rule" to determine when the statute begins to run. Under the discovery rule, an action accrues when the plaintiff knew or should have known of his or her injury and its cause. Urie v. Thompson, 337 U.S. 163 (1949); Young v. Clinchfield R. Co., 288 F.2d 499 (4th Cir. 1961); Townley v. Norfolk & W. R. Co., 887 F.2d 498 (4th Cir. 1989). "Under Urie's rationale, when an occupational illness is the basis for the claim under FELA, the statute of limitations begins to run when the employee becomes aware of his disease and its cause." In re Central R. Co., 950 F.2d 887, 891 (3rd Cir. 1991), cert. denied, U.S., 112 S. Ct. 1586 (1992).
 
 
 11
 Thus, in the present case, Johnson would have had the burden of proving at trial, by a preponderance of the evidence, that he did not have the requisite knowledge of both injury and cause prior to November 15, 1985. He did not have an opportunity to do so because the district court granted summary judgment against him on the grounds that his claim was time-barred.
 
 
 12
 Summary judgment only is appropriate where there is"no genuine issue of any material fact." In ruling on a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Since Johnson bore the burden of proof with respect to an essential element of a FELA claim, timeliness, he must have demonstrated a genuine factual dispute with respect to that element in order to defeat the motion for summary judgment.
 
 
 13
 According to Johnson, the question of possible auditory damage first arose when his employer instituted sound testing of his workplace in 1986, which led several of his co-workers to discuss hearing problems they shared. Johnson has maintained that the discussion prompted by Norfolk and Western's action led him in the first instance to consider the possibility that he had suffered a hearing loss, which in turn prompted him to have his first hearing examination (with Dr. McLean). In his deposition and during separate examinations by Doctors Schumaier and Villeneuve, he contended that he only became aware in 1986 that he was suffering persistent and possibly permanent hearing problems. J.A. at 51-55. He argues that he did not notice the problem earlier because the loss was so gradual as to be unnoticeable. The Occupation Safety and Health Administration has noted that noise-induced permanent threshold shift:
 
 
 14
 is particularly insidious because it occurs very gradually over time. In fact, for a long time the worker may not notice any change in hearing acuity until the hearing loss begins to interfere with everyday communication.
 
 
 15
 48 Fed. Reg. 9740 (March 8, 1983).
 
 
 16
 It certainly is possible that Johnson did not notice the persistence of his auditory difficulties until 1986 when Norfolk and Western checked the sound level at his workplace and his co-workers mentioned shared problems. Dr. Schumaier stated that there was no reason why Johnson should have noticed his hearing problems at an earlier time.
 
 
 17
 Johnson argues that the district court relied too heavily on the one sentence in Dr. McLean's 1986 medical records stating that "[o]ver the past 2 yrs. he notes that he does not hear well." Given that such records are normally dictated at a later time, it certainly is possible that they are not accurate regarding minor points. Moreover, it is possible that Johnson, after being told of his permanent loss, realized that he had experienced symptoms at earlier dates. However, like the appellant in Urie, Johnson may not have experienced symptoms significant enough that he should have realized they reflected permanent and actionable injury.
 
 
 18
 Given the preference for allowing juries to make such decisions, the determination of when Johnson knew or should have known of his injury should go to the jury. "As to the accrual of a cause of action for a negligently caused occupational disease, it has been said that the question when an employee knew or should have known that he had an occupational disease is one of fact and thus ordinarily to be determined by a jury." Accrual of cause of action and tolling of limitation period of § 6 of the Federal Employers' Liability Act (45 U.S.C. § 56), 16 A.L.R.3d 637, § 2b (1991). The Fifth Circuit, source of the Emmons decision, has acknowledged that "[t]aking an issue away from the jury is appropriate only when there is a'complete absence of probative facts' to support a verdict in favor of the plaintiff." Wilson v. Zapata Off-Shore Company, 939 F.2d 260, 266 n.9 (5th Cir. 1991). In the present case, unlike Emmons,* there is not a complete absence of probative facts.
 
 
 19
 The Supreme Court has underscored the importance of deferring to juries:
 
 
 20
 Cognizant of the duty to effectuate the intention of the Congress to secure the right to a jury determination, this Court is vigilant to exercise its power of review in any case where it appears that the litigants have been improperly deprived of that determination.
 
 
 21
 Rogers v. Missouri P. R. Co., 352 U.S. 500 (1957).
 
 
 22
 Thus, a question, capable of resolution by a jury examination of disputed facts, exists as to whether the three year limitation period had expired prior to the filing of suit. Hence, I dissent and would remand so the case may be tried to a jury.
 
 
 
 [1]
 On appeal, Johnson makes a half-hearted effort to discredit this medical report. See Appellant's Br. at 3-4. Johnson himself offered the report into evidence in the court below, however, and he has identified, and we can discern, no reasonable basis to question the accuracy of the report
 
 
 [2]
 Johnson argues that even if he should have known that he was injured in 1984, the district court should still be reversed because it made no finding that he also should have known at that time that the cause of his injury was work-related, as Urie requires. Appellant's Br. at 17-21. The district court, however, was fully aware of Urie, and its recitation of the fact that Johnson "could not think of anything other than the noise at the computer center that might have caused his hearing loss," J.A. at 93, constitutes at the very least an implicit finding that Johnson also was on notice of the cause of his hearing problems
 
 
 [3]
 Compare Bechtholdt v. Union Pac. R.R., 722 F.Supp. 704, 708 (D. Wyo. 1989) ("inferring the plaintiffs had knowledge of their injury due to TTS symptoms may be fallacious"). Unlike Johnson, the plaintiffs in Bechtholdt believed their hearing problems were caused either by aging or an automobile accident, not by work. Id. at 705
 
 
 *
 In Emmons, the plaintiff conceded in his deposition that he was aware in early 1987 (four years prior to his filing suit under FELA) that he had a permanent hearing loss and that he believed it was due to railroad noise. In fact, Emmons went to a doctor in 1987 regarding his hearing problems. Emmons' only challenge to the statute of limitations was that the doctor he visited in 1987 failed to inform him that his loss was occupational in source. Logically, the Fifth Circuit found the argument without enough force to create a genuine issue of material fact
 Here, the plaintiff contends that he did not notice a persistent loss until 1986 (within the three-year period) and went to a doctor for the first time upon that realization.